UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| KENNETH LAYPORT and ALLISON LAYPORT, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS E. CLARK, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 3:24-cv-00070-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant/Cross-Claim Plaintiff, Progressive Direct Insurance Company's Motion to Be Excused from Participation at Trial. [R. 9.] Because Progressive Direct Insurance Company has not availed itself of the *Coots* settlement procedure to preserve its subrogation rights with either Plaintiff, Progressive Direct Insurance Company's Motion to Be Excused from Participation at Trial **[R. 9]** is **GRANTED**.

**I.**

On or about January 15, 2024, a motor vehicle accident involving Plaintiffs Kenneth and Allison Layport and Defendant Thomas Clark ("Clark") occurred in Carrol County, Kentucky. [R. 1-2 at 5.] Plaintiffs allege that Defendant Clark failed to maintain his lane, keep a proper lookout, and avoid collision while operating a semi-truck in the scope of his employment with Defendant Bennett Motor Express LLC ("Bennett Motor Express"). *Id.* Plaintiffs claim that Defendant Clark operated the tractor-trailer in a negligent, careless, and reckless manner causing injuries to both Plaintiffs as a result. *Id.*

On October 29, 2024, Plaintiffs filed a complaint in Carroll Circuit Court alleging multiple counts of negligence against Defendants Clark and Bennett Motor Express, as well as

asserting a claim for uninsured motorist benefits against Defendant Progressive Direct Insurance Company ("Progressive"). *Id.* at 3–11. On October 22, 2024, Bennett Motor Express filed an answer to Plaintiffs Complaint. *Id.* at 46–55. On October 31, 2024, Progressive filed an answer and a Cross-Claim against both Defendants Clark and Bennett Motor Express for any amounts it is deemed liable to compensate Plaintiffs for their alleged injuries. *Id.* at 75–89. On November 6, 2024, Defendant Clark filed an answer to Plaintiffs' Complaint and an answer to Progressive's Cross-Claim alongside Bennett Motor Express. *Id.* at 60–73. Defendant Clark subsequently filed a timely Notice of Removal to this Court on November 22, 2024, based on diversity jurisdiction. [R. 1.]

On March 24, 2025, Progressive brought its Motion to Be Excused from Participation at Trial. [R. 9.] The motion asserts that Progressive, as an underinsured motorist carrier ("UIM"), does not need to be identified at trial since it has not engaged in the settlement procedure outlined under *Coots v. Allstate Ins. Co.*, 853 S.W.2d 895 (Ky. 1993) to preserve its subrogation rights. *Id.* at 2.

## II.

"Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). "[*Erie*] held that federal courts sitting in diversity cases, when deciding questions of 'substantive' law, are bound by state court decisions as well as state statutes. The broad command of *Erie* was therefore identical to that of the Enabling Act: federal courts are to apply state substantive law and federal procedural law." *T & M Jewelry, Inc. v. Hicks ex rel. Hicks,* 189 S.W.3d 526, 534 (Ky. 2006) (quoting *Hanna v. Plumer,* 380 U.S. 460, 465 (1965)). As such, this Court applies the substantive law of Kentucky in this case.

2

Under Kentucky law, the identity of an uninsured or underinsured motorist carrier that has a direct contractual obligation to the plaintiff must be disclosed to the jury if the carrier has elected to preserve its subrogation rights by invoking the settlement process set forth in *Coots v. Allstate Ins. Co.*, 853 S.W.2d 895 (Ky. 1993).  There, the Supreme Court explained that, once this procedure is utilized, the tortfeasor is no longer liable to the plaintiff and as such the UIM carrier becomes a real party in interest.  *Mattingly v. Stinson*, 281 S.W.3d 796, 798 (Ky. 2009).  However, if the UIM carrier does not substitute its liability for that of the tortfeasor, then it need not be identified at trial.  *Id.*  In such instances the tortfeasor remains primarily liable to the plaintiff, and the UIM carrier's potential liability is "contingent upon a judgment in excess of the tortfeasor's own liability coverage." *Id.*

Here, Progressive has not elected to advance settlement funds to either Plaintiff nor has Plaintiffs' claims against the tortfeasor, Defendant Clark, reached a judgement that renders Progressive a real party of interest at this point in time.  Progressive has not availed itself of the *Coots* settlement procedure to subrogate its rights with Plaintiffs and as such has not substituted its liability for that of Defendant Clark.  Therefore, the non-participation and non-identification of Progressive at trial is appropriate, and the Motion to Be Excused from Participation at Trial must be granted.

### III.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Motion to Be Excused from Participation at Trial **[R. 9.]** is **GRANTED**; and

2. No witness, attorney, or other party **SHALL** mention or disclose Progressive Direct Insurance Company, underinsured motorist benefits and/or coverage, or liability at trial.

This the 30th day of May 2025.

Gregory F. Van Tatenhove
United States District Judge